IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED <br>   TRADES INDUSTRY PENSION FUND, as and <br>   for its Board of Trustees and the <br>   International Painters and Allied Trades Industry <br>   Pension Plan; <br> TIM D. MAITLAND, a fiduciary <br> 7234 Parkway Drive <br> Hanover, MD 21076 <br> <br>                     Plaintiffs. <br> <br>    v. <br> <br> MMG GROUP INC. <br> 33-03 31st Avenue <br> Long Island City, NY 11106 <br> <br> MATTINA & SONS ENTERPRISES INC. <br>     a dissolved New York corporation and trust <br> 30-05 33rd Street <br> Astoria, NY 11102 <br> <br> HANOVER CONTRACTING CO. INC. <br>     a dissolved New York corporation and trust <br> 154-53 Riverside Drive <br> Beechhurst, NY 11357 <br> <br> HCC Painting Corp. <br>     a dissolved New York corporation and trust <br> 33-60 29th Street <br> Astoria, NY 11105 <br> <br>                     Defendants. | CIVIL ACTION NO. |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain of Defendant(s) as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29

U.S.C. §§ 1132, 1145 and 1451.

2. A copy of this Complaint has been served on the Pension Benefit Guaranty Corporation and the Secretaries of Labor and Treasury of the United States by certified mail.

## VENUE

3. Venue lies in this district under 29 U.S.C. § 1451(d).

## PARTIES

4. Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund"), is a trust fund established under 29 U.S.C. § 186(c)(5). It sues collectively in its common name for its Trustees who collectively are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan").

5. The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §§ 1002(37), (2), (3) and 1301(a)(3).

6. The Fund, its Trustees and Pension Plan maintain their principal place of business and the Pension Plan is administered from an office in this district at the address for the Plaintiff Fund in the caption of this Complaint.

7. The Fund and its Trustees are adversely affected by the acts or omissions of Defendant(s) described in this Complaint.

8. Plaintiff Tim D. Maitland ("Maitland" or jointly with the Pension Fund, "Plaintiffs"), is the Administrator of the Pension Fund and a fiduciary or a plan participant within the meaning of 29 U.S.C. §§ 1002(21), 1451, who is charged with responsibility for collection of

670981_2.docx
PTIWL0.35312                                    2

withdrawal liability for the Pension Plan by the Trustees of the Pension Fund and is adversely affected by the acts or omissions of Defendant(s) described in this Complaint.

9. The Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s), sue for and on behalf of the Pension Plan.

10. Defendant MMG GROUP INC. ("Contributing Business") is a New York corporation and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption of this Complaint.

11. Defendant MATTINA & SONS ENTERPRISES INC. was a New York corporation in form before its dissolution and a trade(s) or business(es) under common control with the Contributing Business within the meaning of 29 U.S.C. § 1301(b) at relevant times. Hanover Contracting Co. Inc. was dissolved by the New York Department of State on July 13, 2004.

12. Defendant HANOVER CONTRACTING CO. INC. was a New York corporation in form before its dissolution and a trade(s) or business(es) under common control with the Contributing Business within the meaning of 29 U.S.C. § 1301(b) at relevant times. Hanover Contracting Co. Inc. was dissolved by the New York Department of State on May 4, 2009.

13. Defendant HCC PAINTING CORP. was a New York corporation in form before its dissolution and a trade(s) or business(es) under common control with the Contributing Business within the meaning of 29 U.S.C. § 1301(b) at relevant times. HCC Painting Corp. was dissolved by the New York Department of State on September 4, 2012.

14. Mattina & Sons Enterprises Inc., Hanover Contracting Co. Inc., and HCC Painting Corp. are referenced as the "Control Group" in the remainder of this Complaint.

15. The Contributing Business and Control Group are a single employer (jointly or severally, "Employer"), as defined in 29 U.S.C. § 1301(b).

16. All conditions precedent to this action have been satisfied.

### COUNT I – COLLECTION OF WITHDRAWAL LIABILITY PAYMENTS

17. Plaintiffs incorporate paragraphs 1 through 16 by reference as if fully restated.

18. The Employer had an obligation to contribute to the Pension Plan within the meaning of 29 U.S.C. § 1392(a) on or after December 1, 1997.

19. By the notice(s) attached as Exhibit 1, the Trustees of the Pension Fund determined that the Employer had withdrawn from the Pension Plan within the meaning of 29 U.S.C. § 1383(a) or 29 U.S.C. § 1385, notified them of liability under 29 U.S.C. §§ 1381, 1399 and demanded payment as provided by 29 U.S.C. §§ 1382, 1399(b)(1).

20. The Employer has not paid withdrawal liability as required by the demand, the rules of the Pension Plan and applicable law, including 29 U.S.C. § 1399.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Contributing Business and Control Group, jointly or severally, in favor of Plaintiffs for the benefit of the Pension Fund for:

(a) the withdrawal liability payments due and owing as of the date of this Complaint and additional withdrawal liability payments that become due during the pendency of this action before the date of a motion for default or summary judgment;

(b) interest on the unpaid withdrawal liability payments at the rates established under 29 U.S.C. §§ 1451(b), 1132(g)(2)(B) and 26 U.S.C. § 6621 from the due date

for payment to the date of actual payment;

(c) liquidated damages equal to the greater of twenty percent (20%) of the unpaid liability as provided under the Pension Plan as to unpaid contributions and withdrawal liability or an amount equal to the interest under subparagraph (b) as provided in 29 U.S.C. §§ 1451(b), 1132(g)(2)(C); and

(d) the costs of this action and reasonable attorney's fees as provided in 29 U.S.C. §§ 1451(b), 1132(g)(2)(D) incurred in prosecution of this action and collection of any judgment.

(2) Compel disclosure of any other trades or businesses under common control within the meaning of 29 U.S.C. §§ 1301(b), 1398, join any other trades or businesses in this action and award Plaintiffs the relief requested in Paragraphs (1) and (2) against them.

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - FUTURE PAYMENTS INJUNCTION

21. Plaintiffs incorporate Paragraphs 1 through 20 by reference as if fully restated.

22. The Employer has an obligation to make future payments toward withdrawal liability as detailed in the notice attached as Exhibit 1.

23. Absent relief on a default, the remedy at law for the Pension Plan and Plaintiffs is inadequate and all other conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter a declaratory judgment and enjoin the Contributing Business and Control Group, jointly or severally, and any other trades or businesses under common control with them for purposes of 29 U.S.C. § 1301(b), and their officers, agents, servants, employees, attorneys

and all others in active concert or participation with them to make future payments as detailed in Exhibit 1.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT III - COLLECTION ON DEFAULT

24. Plaintiffs incorporate Paragraphs 1 through 23 by reference.

25. By the notice(s) attached as Exhibit 2 and/or this Complaint, the Trustees of the Pension Fund notified the Employer of the failure to make, when due, a scheduled payment toward withdrawal liability due to the Pension Plan.

26. The Contributing Business and any Control Group failed to make any payment towards withdrawal liability within sixty (60) days of Exhibit 2, and through the present date.

27. Under 29 U.S.C. § 1399(c)(5), failure to cure a default in payment by payment of all accrued and unpaid installments with interest allows the Trustees of the Pension Fund to accelerate payment of the withdrawal liability.

28. By Exhibit 2, this complaint or otherwise, the Pension Fund and its Trustees have declared a default and demand immediate payment of the full present value of the withdrawal liability by this Complaint or otherwise.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Contributing Business and the Control Group, jointly or severally, in favor of Plaintiffs for the benefit of the Pension Fund for:

(a) the outstanding amount of withdrawal liability;

(b) interest on the outstanding amount of withdrawal liability at the rates established under 29 U.S.C. §§ 1451(b), 1132(g)(2)(B) and 26 U.S.C. § 6621 from the due date

670981_2.docx
PTIWL0.35312                                              6

of the first omitted payment;

        (c)    liquidated damages equal to the greater of twenty percent (20%) of the outstanding amount of withdrawal liability, as provided by the Pension Plan for unpaid contributions and withdrawal liability, and allowed by the law of Maryland or an amount equal to the interest under Subparagraph (b) as provided in 29 U.S.C. §§ 1451(b), 1132(g)(2)(C); and

        (d)    the costs of this action and reasonable attorney's fees as provided in 29 U.S.C. §§ 1451(b), 1132(g)(2)(D) incurred in prosecution of this action and collection of any judgment.

        (2)    Compel disclosure of any other trades or businesses under common control within the meaning of 29 U.S.C. §§ 1301(b), 1398, join any other trades or businesses in this action and award Plaintiffs the relief requested in subparagraphs (1) and (2) against them.

        (3)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                                                      JENNINGS SIGMOND, P.C.

Date: <u>July 12, 2019</u>                       /s/ James E. Goodley  
                                              JAMES E. GOODLEY  
                                              Bar Id. 18911  
                                              1835 Market Street, Suite 2800  
                                              Philadelphia, PA 19103  
                                              jgoodley@jslex.com  
                                              Phone: (215) 351-0613  
                                              Fax: (215) 922-3524

                                              MARC L. GELMAN*  
                                              Jennings Sigmond, P.C.  
                                              1835 Market Street, Suite 2800  
                                              Philadelphia, PA 19103

                                              *Attorneys for Plaintiffs*

* Application for Pro Hac Admission may be made at an appropriate time